This case is the Berkley County School District v. HUB International. Let's see here. Mr. Petillo? Yes, Your Honor. Did I pronounce that correct? You did, yes. I'm from Texas. I almost always get Petillos. You're one of the few people to get it right. Thank you. Good to have you, Your Honor. Good to be here, Your Honor. May it please the Court. Mike Petillo on behalf of the appellants who have been referred to as the insurance defendants collectively throughout this litigation. The Supreme Court has emphasized time and again that there is an emphatic federal policy in favor of arbitration. The District Court here frustrated that emphatic federal policy when it refused to give effect to agreements between the Berkley County School District and the insurance defendants that require arbitration of the District's claims. The Court refused to send the case to arbitration on the theory that the brokerage service agreements containing the arbitration clauses were never actually formed as a matter of South Carolina law. Now, the Court did so despite... Did they do that? It looks to me like the mistake that might have been made is they analyzed it under tort law as opposed to contract law for agency purposes. Is that true? Your Honor, we've said there are many, many different errors. I think that the principles of attribution, whether an agent is or is not acting in the scope of their agency, I do think there's a fair amount of overlap between, you know, when a court is looking at it, when a person can be bound, when they're not. When someone is acting within the scope of their agency is the question in both the tort context and, say, the contract context. In the scope of employment, the tort law test? It is a tort law test, but it's also an agency question for purposes of contract law as well. If an agent doesn't have the authority to bind you as a result of, you know, for whatever reason it is, that applies in the contract context as well. Now, what we would argue, though, is that there was a mistake in terms of how the court looked at this here, and that's why you sort of had some of this tortured logic. The question was, as the district court framed it, was, was a contract ever formed? And under the Federal Arbitration Act, it was our burden to prove that. And so we did. We came forward. We said, Your Honor, here are contracts. Here are six different brokerage service agreements, each one of them containing an arbitration clause. We showed that they had either been signed and accepted by representatives of the district or they had been accepted through performance by the district. And we had had the district itself in its original complaint representing to the court that it had, quote, entered into multiple contracts with the insurance defendants for consulting services. That's from their own original complaint. They also sued us for breach of contract for those very same agreements. But they amended that complaint. Well, you're up here on an amended complaint, aren't you? Yes, Your Honor. They amended the complaint. But you're up here on an amended complaint. You're arguing about the original complaint. Yes, Your Honor. And that's because they had every right to amend their complaint. If they wanted to drop the breach of contract claims, that's their right. If they wanted to, you know, shorten the time period. What's the significance of the original complaint at this stage of the proceedings when they filed an amended complaint? Right. Well, the significance is that these were representations that are made to the court and they have independent evidentiary authority. Just because they amended their complaint doesn't mean they never said those words. It doesn't mean they never represented that to a court subject to Rule 11. And we've cited the Wright and Miller Treatise and the Andrews case as well from the Second Circuit, both of which confirmed that representations, even in a superseded complaint, are still evidence as an admission of the party. And that's how we're using them here. In the context of the case as it stands here? Yes, Your Honor. Has the Fourth Circuit ever decided that? We don't have a Fourth Circuit case on that. You don't have any authority for that here, do you? Well, Your Honor, it's basically, it's also a matter of, it's also a matter of context. You filed an amended complaint and you have moved to arbitrate? Yes, Your Honor. And the court denied it? Yes, Your Honor. That's what's in the record? Yes, Your Honor. So aren't you trying to go outside the record? No. The superseded complaint is still, if you look at the docket, the docket is the record on appeal and the docket very clearly contains the representations that they made to the court subject to Rule 11. They filed a complaint and then they filed an amended complaint. But you moved your motion related to the amended complaint. Well, to be clear, our motion was filed directed to the original complaint. It was only once we filed our motion that the district turned around and said, oh, wait, contract. It dealt with the amended complaint. By denying what they had said before, and that's fine. They're allowed to do that, but their statement stands as a representation that they made. I'm just wondering if you consider both complaints at this stage in the context of how it comes up here. In this court, I don't think we've ever dealt with that. And you say you agree with me. We have never dealt with that. I'm not aware of a case that we would have cited in our case. Maybe it doesn't make any difference. I don't know. It's Wright and Miller. It's basic principles of federal law and procedure. They outpressed it in this court. And Rule 11s are still usually separate, aren't they? They relate to the lawyers and stuff. But we're trying to figure out the legal issues here, whether this thing is subject to arbitration. What do you want us to do here? Well, what we want you to do is we want you to hold that the district failed to carry its burden in opposing our motion for arbitration, and therefore the case should be directed to arbitration. As I was starting to say, it was arbitrary. You want us to order it arbitrated. I want the district court procedurally. All I'm asking is what do you want us to do? I want this case reversed and the district court ordered that it has to send us to arbitration, and there are multiple reasons. I thought you also argued there are multiple disputes of fact. And did you want a trial? No. Are you abandoning that position? That's a secondary fallback position. Are you abandoning it or not? That's all I'm asking. I'm abandoning it if you say we win on our other grounds. We haven't said you win on the other grounds. I'm aware. And you haven't won on the other grounds. We're here to figure that out. What do you want us to do? I want you to hold that the district failed to carry its burden in opposing our motion for arbitration, and that therefore the case should be directed to arbitration. Well, to do that, any challenge to the validity of the BSA, who decides that, the arbitrator or the court? So it's a somewhat complicated issue, as you can tell by the fact that the district court burned 26 pages trying to figure out the issue. But at the end of the day, the court got it wrong. The court framed this as an issue of contract formation. However, federal law in cases that we cited, the 604 Columbus Realty case, says that when the allegation is one that if someone is trying to avoid liability for a contract because it was procured through a kickback, which is the district's argument here, that does not sound in contract formation. That sounds in fraudulent inducement. And the Supreme Court expressly held in Prima Paint that a question of whether the entire agreement containing arbitration clause was procured due to fraud, was fraudulently induced, is a question to be decided by the arbitrator. Now, the district disputes that. They said, we don't dispute that you have a federal case that says that that's fraudulent inducement. But South Carolina law is different, they say. And under South Carolina law, a claim that a contract is procured by kickbacks means it's illegal. Now, either way, you can accept our characterization or you can accept the district's characterization. Either way, there's a Supreme Court case directly on point that holds that it has to go to the arbitrator because the question in Buckeye check cashing before the Supreme Court was whether an arbitrator or a court decides that an argument that a contract containing arbitration clause is void as illegal, who must decide that? And the court held in Buckeye check cashing that the arbitrator must decide that. So frame it as an illegal contract as the district has represented in their brief. We believe it's more appropriately viewed as fraudulent inducement under federal law. Either way, there's a Supreme Court case directly on point holding that the district court never had authority to reach this issue in the first place. What about, this has been framed as whether the employee of the district was acting with authority or if we're talking about contractor scope of employment, if we're talking about the tort framework. Is that a question of contract formation or is that a question of contract validity? It would be, if you were looking at what, in a normal course, did the receptionist have the authority to bind Exxon to a 30-year oil field lease? That would be a question of authority here that would go to contract formation. But here we have the district alleging in its own complaint that the scope of Thomas' services as the CFO of the district included procuring insurance services and deciding who would broker them. They admitted it's within the scope of his authority and the district court didn't actually dispute that. So the question is, so as for the formation question, it was formed. It was within the scope of his authority. Now they're trying to find a way to avoid that result. And they have every right to make that argument. But that argument is a fraudulent inducement argument. It is not a question of contract formation. And under Prima Paint, that issue has to be decided by the arbitrator, not the court. And the court overstepped its authority here. If there are factual questions that come up to decide either of those issues, well, I guess maybe not either. There's factual questions that come up to decide the formation issue. You think under Section 4, the court should have had a summary trial. Is that right? Well, I mean, we say that at a minimum we were ambushed here because the court reached out and decided an issue that really the district hadn't even argued per se. And it certainly could not have reached those issues without giving us a chance. Is there a factual dispute? There's no factual dispute because the district had a burden. As this court held in Chorley Enterprises, the party that's trying to deny that an arbitration agreement exists must come forward with facts. It must come forward with evidence. It's no longer a pleading issue. It's a standard akin to summary judgment. The district never came forward with any, not a shred of evidence cited in their brief in support of this formation issue. So it didn't carry its burden. And so when a party doesn't carry its burden in a summary-like context, they lose. What did they discover here? Well, that's fine. They're talking about the scope of the facts. You're talking about the facts. Where are we supposed to get the facts? You normally get them from the complaint, the amended complaint. Well, I'll direct you to Chorley Enterprises, which says that the party denying- You normally get them from the amended complaint. And they for sure filed an affidavit here of some kind, right, or one or two. Well, we did. Didn't you file an affidavit or two? Yes, we authenticated the- How many affidavits did you file? We filed one declaration of Benfield, who was a district employee who was coming forward to authenticate the documents. Don't put facts in dispute. The affidavit is different than the complaint on the facts. Well, if you're opposing- Isn't that true? The district never disputed the authenticity of these documents that we came forward with. They just said they weren't signed. You claim there are no disputes of fact here. What I am saying is the district- You're going to get yourself- Go ahead. What I'm saying is to create an issue of fact, the party with the burden must come forward with evidence. The district court did not come forward with evidence. Excuse me, the district did not come forward with evidence. The district court's not a party. Well, but the district court has to make findings based on evidence, and it did not. Well, you all went down there and argued. You had an argument, and the court basically picked and chose between what lawyers said. But rather than having evidentiary hearings or affidavits or discovery- As Judge Gorsuch said in the Howard case, there are some times when you can look at a case and you can say, We thought that's what this was when we filed our motion because the operative complaint included admissions. But you lost, and you're up here appealing, and you say- I'm giving you an opportunity to say there are disputes of fact. Well, I will tell you why there's not- I'm giving you an opportunity to. I appreciate that, Your Honor, but let me tell you why there are no disputes- And you don't want to do it, and your red light's on. We're going to hear from the other side. Mr. Whitley? May it please the court, Josh Whitley on behalf of the Berkeley County School District. Good to have you here, sir. Thank you, Judge King. The only issue before this court is whether there was the formation of a contract. The defendants do not challenge and could not challenge that formation of a contract in this context is a judicial question and not one of arbitrability. Secondly, the defendants just noted in their argument there is no factual dispute because there is not. On this question, the district court should be- Don't you have to admit there's a factual dispute? No, Your Honor. I think the facts in this case on which Judge Norton relied are undisputed, in fact. But the judge said things like counsel represented the XYZ and then found that as a fact. That's not how you find facts, is it? Your Honor, you can't in this context, and here's why. You cannot. That's a lawyer talking. It's undisputed with a declaration, an affidavit filed by the director of contracting of the district. What I said, it is a fact, but it's undisputed. HUB had every opportunity, the defendants had every opportunity to file an affidavit or offer evidence disputing it. So I agree it is a lawyer talking and answering questions of the judge, but the fact here is it's undisputed and based on the affidavit and the complaints alleged. Counsel also repeatedly in his argument said the burden is on the district. That is emphatically not the law of this circuit. Under the Atkins decision, the party moving to compel arbitration has the burden, period. Not the district. Continuously he said we failed in our duties on those facts and other issues, and that's simply not the case or the case law. On the question before this court, the one of contract formation, the district should be affirmed because the contract was not formed because there is zero evidence of mutual assent. The district was never aware of any of the agreements affected by the amended complaint. Secondly, those agreements were unsigned. They were noted as proposed. They were held in some records offices of the defendants and nowhere else based on the record before this court. So you say there's no factual disputes here. Yes, sir. And they say there's no factual disputes here. Yes, sir. But you don't agree on which the facts, you two don't agree on the facts. I would rely on the facts of the district court's opinion. Have you all ever sat down and tried to put together a stipulation? Not in this record. A fact. Not in this record, Your Honor. Could you do that? For the purposes of the field, I don't know. You all disagree on the facts. You say you have your version, he has his version. I think what we disagree on, Your Honor. And if the facts are disputed, the arbitration statute has a provision for a trial, right? Yes, Your Honor. Section 4. Yes, Your Honor. Talks about a summarily have a trial. Yes, Your Honor. Do you know whether if you have a trial like that, it's a jury trial or a trial of the court? Or it could be either? Or how does it work? I believe the case law likens it akin to a summary judgment type trial. All right. Didn't the, well, do you agree that the criminal information, which was incorporated in the amended complaint, didn't say that Thomas was responsible for procuring and paying the district's insurance policy? And therefore, the assumption to be made, they had actual authority. Your Honor, the information did say Thomas was charged in the responsibility of procuring insurance contracts. And, yes, if Thomas had done his job, in the normal course of business, he would have had authority under whatever the budgets and votes and the procurement statute. But we're asking this court to hold. When Thomas here, when the very acts that sustain his honest services conviction, criminal acts of kickbacks in the procurement of insurance contracts, those very same acts take his conduct outside the scope of employment. It cannot be under the case law of South Carolina. And that is the appropriate case law to apply to South Carolina, not the First Circuit. It cannot be under South Carolina case law that criminal acts that actually defraud the employer are within the course and scope of employment. From the Citizens Bank case in 1925 to the 1930 case to the Vereen case and so forth, what you look at is whether or not the agent is furthering his master's business. By defrauding his master, here Mr. Thomas defrauding the school district, he's not furthering his master's business. He's acting contrary to it. He's harming it. And therefore, it's not within the course and scope of his employment. And it's beyond or it's beyond his authority. Where do you get the normal course of business test from? Your Honor, in the little case versus Southern Cotton Oil, the 1930 case, the general rule is that when an agent is engaged in a transaction in which he is interested adversely to his principal, the principal will not be charged with his knowledge of the agent acquired therein. If the agent's acting contrary to his principal in his own self-interest, and same as the Vereen case of 1987, when you're acting adversely to your principal, your acts and your knowledge are not imputed to your principal. Your Honor, we are here absolutely on an amended complaint for a time frame of 2005. Is your original complaint relevant? No, it is not. You got any authority for that? Yes, sir, I do. I have two cases. You have any authority in the Fourth Circuit for that? Two cases, yes, sir. The Falsey case, which Judge Niemeyer authored, as well as the Young case versus the City of Mount Rainier, and what those cases hold precisely is a complaint made, here one is a matter of right under 1581, renders the original complaint, quote, of no legal effect, period. And that's two cases from this case all both published with Henry Jerome. Your Honors, the holding of Judge Norton below, that Mr. Thomas was acting outside the course and scope of his employment on this issue, in a kickback scheme where he goes to the insurance agent and buys brokerage service agreements without any knowledge of the district, none whatsoever. There's no evidence in this record. On argument, counsel represented that Ms. Vinfield, who authenticated the agreements, was an employee of the district. She was not. She's an employee of HUB. Our director of contracting filed an affidavit in which she said these agreements do not exist in the district's records, nor could they, because no one would have had authority to enter these types of agreements. But the major point is that they are unsigned. So all these emphatic policies my colleague speaks of on the Federal Arbitration Act, you don't even get there. Under this court's case… They say the performance got you. Performance of Mr. Thomas in paying these contractual arrangements and getting a kickback for it. The court was right below to say this. Yes, Mr. Thomas had knowledge and performance thereof. That goes back to the authority question. Exactly. That you all disagree on as a matter of fact. It does go back to that, to the authority issue, and it says that Mr. Thomas' knowledge and performance can't be imputed to the district. Your Honors, the Young case of this circuit in 1987, the Mernigan case, is very instructive. Here the Fourth Circuit applied South Carolina agency law and said when a bank vice president was acting on his own self-interest and not on the interest of the bank, his acts cannot be imputed to the bank. That's exactly what we're asking this court to find here, is that the acts of Mr. Thomas, which are not in dispute, Mr. Thomas has pled guilty to that federal information, which he admits to defrauding the district. That's not in dispute respectfully, Your Honor. Those acts cannot be imputed to the Berkeley County School District. And although we think the case law on this circuit is right on in every case, I would cite from a factual standpoint the Fifth Circuit case in Gil Ramirez, where a high-level school district official in Houston was steering contracts to contractors in the Houston district. And that court said this, even though that official had the authority to do contracts on behalf of the district, when it's on a pay-to-place scheme, and he's acting outside the course and scope of his employment, bribery and influence peddling can never be within his authority or within the scope of his employment. That's exactly this case. And in defense of the district court below, and on the factual issue, Judge King, that this court is going to review, the district court never one time denied my colleagues or our side the opportunity to offer any evidence. They never denied one time the opportunity for us to argue. The district court had supplemental briefing. And even after all of that, if the opinion ambushed them, as he stated on direct argument, although we do raise in our opposition brief in at least three places that the contract is not formed. Do you agree that the cases that you cite to, using the term scope of employment, are tort cases? No, Your Honor. Actually, the Vereen case is a, most of the cases we cite are contractual cases. It's a contractual lawsuit between a borrower, for example, against a bank, where the borrower says this contract with an arbitration agreement, I mean, this contract should be held against the bank, and the courts have said no. I think I agree with my colleague on this one point. Scope and authority needs to be reviewed in this case based on tort or contract claims. And that's, here's the reason. The only way they can indicate that these unsigned agreements are enforceable against the district is through performance. In order to have performance, it's the performance of the very guy getting kickbacks, the crook, the criminal. That can only be imputed to the district if you make an analysis of scope of employment and authority under the case law of South Carolina. Your Honor, would that be contract law or tort? In reviewing this case? Yeah. I think it's a question, in this case it's a question in terms of performance of contract. Because their argument is it's a unilateral contract through performance only. That's not our argument, but that would be the lens in which this court would need to review it. Your Honors, even if they were surprised or ambushed by the district court's decision, they had the opportunity under Rule 59 and 60 to move to reconsider, ask for an evidentiary hearing, say that there's a disputed fact. Instead, they left the facts undisputed. But the facts are disputed. I don't have much problem with that. But they didn't demand a trial. They did not. They did not demand a trial, and you say they waived it. Yes, sir. But the statute says if the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be an issue, if the making of the arbitration agreement be an issue, the court shall, shall proceed summarily to the trial thereof. The statute says there has to be a trial of the issue relating to the making of the arbitrary agreement if it's an issue, which would indicate they don't need to ask for it. The court has to do it. Respectfully, I believe they need to. Under Section 4 of the Arbitration Act. If I might make one distinction, this wasn't a 12B1 or 12B6 hearing. The court received evidence beyond the pleadings below. You had some affidavits, and you have a bunch of stuff lawyers talk about at the hearing. And I have a problem with resolving these things on the basis of what lawyers say in hearings about the facts. We can't resolve appeals hearings based on what you all represent to be. Facts have got to be in the record. I agree, but if you narrowly look at what the facts that are disputed. If a judge or a jury decides facts, we have to accept them or we give them clear air review or whatever they're standards for. But just that you stand up in court and say something. You can't resolve a case on that basis, can you? Your Honor, I think in this case you can in hearings. In this case you can. Our answer has to be your position. And your position is the facts are undisputed. And his position is the facts are undisputed. But the facts that you all say are undisputed are different. So there's no stipulation of what the facts are. So how do we figure out what the facts are? If he says they're one thing and you say they're another thing. If you only look at the legal issue before this court, one of contract formation, the facts regarding formation are undisputed. The contracts are unsigned. The contracts were never known by. Authority this fellow. The contracts were never known by the. Authority of this fellow. You say they're one thing. You argue for one side and he argues for another one. And on that point, your Honor, I think you can rely on the federal information and guilty plea where he admits to honest services fraud, depriving the district of his honest services. Well, then that you disagree with on the facts. That's what I said. There's a woman named Cartwright. Correct. That lady. Is y'all called an underling? But, you know, what's that mean? She signed one of these things. That's an underling. That's a very technical term, Your Honor. What's her authority? Is an underling a technical term of art? I mean. We're going to figure that out. I agree with Your Honor on the point of underling. And we would say to you in 2002, that signed agreement has no bearing on this appeal. If you write this appeal based on the. You say it does. And I would respectfully disagree with you. I know you do. That's what I'm getting at. I think this court could hold as a matter of law, not a factual dispute, as a matter of law, when one deprives the district criminally of his honest services based on a kickback scheme, that's outside the scope of employment, and therefore he could not bind the district. And if that's what this court focuses on, the facts that we dispute and will dispute probably forevermore, are not needed. See me like you have to argue, and he has to argue that your disagreements are immaterial. Then you've still got two different versions of the facts. You say you've got undisputed facts, but that all the material facts are undisputed. Right? He disagrees with that. So we've got two different. You're chasing the night. Except, Your Honor, you can't raise a dispute on a factual issue for the first time on appeal. Respectfully, if they dispute, if they say no, there was no kickback scheme, they could have filed an affidavit of Stanley Perconi, the one paying the kickbacks, who's a defendant in this case. They could have filed that affidavit. The court would have considered it. They could have filed it as part of a motion to reconsider under Rule 59 or 60. They did not. They waited for the first time on appeal. Counsel. Yes, ma'am. I took a look at the hearing in the district court and kind of consistent with the district court's opinion here, it was pretty much all about the legal questions, about is this an issue of formation or validity, what goes to the arbitrator, what goes to the court. I didn't see a lot of talk about the evidence, so why shouldn't I be sympathetic to the sense that nobody saw the court deciding factual questions? On the legal question of formation, which is what the court decided, I believe the few facts needed on the question of formation were argued and were in the affidavits, which is akin to a summary judgment-type proceeding. Whether or not scope and all of those other issues that there may be. But the court can't find facts on summary judgment. You said akin to a summary judgment proceeding. The court doesn't find facts on summary judgment. It has to give the facts to the non-moving party. When I say akin, Your Honor, with all due respect, I think it's descriptive of the type of proceeding the case law says you would have under Section 4. Not that you're having a summary judgment hearing, but you're having a hearing akin to a summary judgment-type hearing, is what I read the case law on Section 4, which we believe respectfully is waived. As to Judge Rushing, your question on the transcript and the question, Judge Norton, quite frankly, was pretty quiet at the hearing. He invited counsel to make all the arguments they needed. He had some questions, but he never one time cut off any litigant to raise a dispute as to any fact. No one has disputed that Mr. Thomas received kickbacks to make these contracts. That's the issue, and that's not in dispute. And if he did that under a case law from South Carolina, under sister circuits like the Fifth Circuit, that can't be within the course and scope of employment, and it need not be said that. And furthermore, absent extraordinary circumstances, an issue cannot be raised for the first time on appeal. My colleague says it's a secondary issue, a fallback issue if you disagree with him on arbitrability. But it's not. It's an issue raised for the first time on appeal and should not be considered by this court. So just to clarify, the district court in its opinion said things like, the amended complaint alleges it was Thomas who caused the district to pay the fees, blah, blah, blah. As such, the court is unwilling to find XYZ. So the court's relying on the allegations of the complaint to make its conclusions a fact in law. Yes, and at the motion to compel arbitration stage, that is not unusual. You can receive affidavits, both sides filed affidavits, Your Honor, in this case. You can receive affidavits and have other considerations. For example, that was the allegation of the amended complaint, but this district court judge was also the criminal sentencing judge of Mr. Thomas. He took note and a footnote in his opinion that he was aware of the pre-sentence report. He even said in the hearing that he had called the AUSA on the facts of the kickbacks scheme. He further said, I'm relying on the federal information, which Mr. Thomas admitted. Yes, I deprived and defrauded the district, took kickbacks in exchange for awarding contracts to hub defendants. Mr. Whitley, do you agree that Mr. Thomas or his underling entered into six of these BSAs? No, sir, Your Honor. The facts are JA89 and JA94, which are the first two exhibits, B and C of their joint defendants. Joint defendants 89 and 94, those are the only two signed. B through G are unsigned. You're saying that he didn't have the authority. Yes, sir. And he didn't have authority in this case because he was acting for his own independent interest and not that of his employer, the Berkeley County School District. And we would cite the Vereen case. We would cite the Little case. We would cite South Carolina case law and not First Circuit case law and fraud in the inducement as part of our argument in this case. Your Honor, respectfully, we thank you for your time and we would ask that you affirm the decision of the district court and not send a side agreement made in the cover of darkness between a criminal and a kickback scheme. Not send that case. The district was never aware of the contract and arbitration should not be granted in this matter. Thank you very much. Thank you, sir. Judge Petillo. Judge King, I would like to try and address your point. I should say that at the highest level, we absolutely disagree on what the facts of this case are with the district. I grant you that. There would be a fact issue. The reason I'm denying there is a fact dispute is that for there to be a fact to dispute on summary judgment, a party has to come forward with evidence. Now, my colleague here, counsel, emphatically represented that they do not have the burden and that it's our burden under Section 4 of the FAA. But we did. We proved an agreement existed. The district court acknowledged in its opinion under the, quote, usual rule that, you know, Thomas had authority to bind the district and that his payments would have bound the district. So why not? Well, the district court had also said that, excuse me, the district had also said that procuring services was in Thomas' authority. But they said the kickback scheme changes everything. And that is when the burden shifted. Under Gillespie v. Ford, 81 Southeast 2nd at page 50, South Carolina law, after one party makes out a prima facie case of agency, the burden shifts to the other party to prove otherwise. So if you look at it as a matter of South Carolina law, when they're saying this is what takes it out of the normal course, that's when the burden shifted. Section 4 of the FAA says the party or, excuse me, as this court in Chorley says, if you're denying that it exists, you have the burden to come forward with facts. Not a single thing that counsel said is supported by a record citation in their brief. It's not supported by a record citation in the evidence. He mentioned several times the parties filed affidavits. I invite you to look at the discussion of Marcy Abramson's affidavit in their brief. They never explain what it ties to. So they filed an affidavit. So what? All it establishes is that she said the filings were not in the district's file. That's not conclusive of anything. We're not even, for present purposes, disputing that they were in the district's file. They had the burden to come forward, and that is why I'm saying we don't dispute the facts, because there's no fact issue to decide. It was their burden. So you don't want a trial? We believe that they failed. Did you waive your right to a trial? Well, as Your Honor was saying, we don't think it's waivable because the text of the statute itself. So you say you didn't waive it? No, we didn't waive it. That might be the legal issue we have to decide to hear. Was a trial waived, and should there be one? At a bare minimum, at a bare minimum, barring all else, all the other arguments that we think should take precedence over this and why reversal is warranted, yes. At a bare minimum, the court did not have the authority. What did you ask me? As I'm trying to transition. Yes, at a bare minimum, the court, if it was going to reach out and decide issues that the district had never raised, all this talk about benefit, all this talk about harm, nowhere in their brief, nowhere in their brief below. And so if the court was going to reach out and decide issues that were not in the party's briefing and on which not a shred of evidence had been cited, it had the obligation to at least hold up and hold a trial. So yes, we do think that that is the bare minimum that should have happened. But the way it works in summary judgment isn't that if I come forward and say I'm fighting summary judgment on the X doctrine, and I'm relying on the allegations in my complaint to prove that I'm entitled to a trial, what the court says is too bad. This isn't that stage anymore. At the summary judgment stage, you have to come forward with evidence. And so we had no burden to counter anything at that point. They failed their burden to oppose our arbitration motion on the grounds that they asserted to evade an otherwise formed contract under Section 4 of the Arbitration Act. And when a party fails in its burden, that's it. It's over. The case should be decided against them right then for failure to carry their burden. Now, there are any number of other statements I'm happy to address if the court has a preference. I've got a long list and not much time. They said that counsel got upset. Criminal acts within the scope of employment or criminal acts can never be attributed. In Crittenden, the contractors... Right. Well, let's look at what those cases... Do you agree with those propositions? Well, I agree with the proposition that the cases actually stand for. And what those cases hold is that those are cases at the motion to dismiss stage. And if I file a motion to dismiss directed at a superseded complaint, that's pointless. Courts say, come on, why file a motion to dismiss? That's not the valid operative pleading anymore. You know, you have to attack the operative complaint. That is a totally different question. That is a completely different question from whether a representation in a complaint can be used against it. Yes, Your Honor. To the notion that criminal acts can never be attributed to an employer, just look at the Crittenden decision. The contractor's employer went out, punched someone in the face, committed criminal assault. The employer was held bound. It was in the scope of his employment, even though it was unexpected. And also going to the issue of what the standard is, and if we look at the Hayward decision, it doesn't say that an employer can never be bound by a criminal act. That's flat wrong. Look at any number of decisions. But what it says, the question is, is whether the act was done in the course of the agency and by virtue of authority as agent. The question is not, according to Hayward, which we cited in our brief, it's not whether he had the authority to commit the fraudulent act. The question is whether he had the, quote, authority to transact the business in the course of which the fraudulent act was committed. And that's the situation here. They don't deny that Brantley Thomas had the authority to transact the business in the course of which the fraudulent act was committed. Now, they're allowed to challenge that, but they can challenge it in fraudulent inducement before the arbitrator. And I see my time is up. For those reasons, we would request reversal. Do you think that you and the other side agree on the facts here? I do not, Your Honor. The complaint and the criminal information is not evidence in this case. But you want us to accept your version. He wants us to accept his version. Yes, Your Honor. I'd always like you to accept my version, please. Thank you.
judges: Robert B. King, Henry F. Floyd, Allison J. Rushing